■ In the Matter of BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO, Appellant, v FRANK MUNOZ, Individually and as New York State Review Officer, et al., Respondents. [772 NYS2d 147]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Peter J. Notaro, J.), entered September 25, 2002 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition to annul the decision of respondent New York State Review Officer Frank Munoz directing petitioner to provide special educational services to the child of respondents Karen Ziegler and Ronald Smith.

It is hereby ordered that said appeal from the judgment insofar as it concerns temporary relief be and the same hereby is unanimously dismissed and the judgment is affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing its petition to annul the decision of respondent New York State Review Officer Frank Munoz (SRO), which directed petitioner to provide special educational services to the child of respondents Karen Ziegler and Ronald Smith (parents) at the private school

the child attends. Contrary to the threshold contention of the SRO and respondent Richard Mills, the New York State Commissioner of Education, we conclude that the SRO's interim order granting temporary relief to the child during the administrative review process is reviewable pursuant to CPLR article 78 (*see generally Murphy v Arlington Cent. School Dist. Bd. of Educ.*, 297 F3d 195, 199-200 [2002]). We take judicial notice, however, that a final decision on the merits has now been made (*see Application of Board of Educ. of City School Dist. of City of Buffalo*, <www.sro.nysed.gov/02-090.htm> [NY State Educ Dept, Off of State Rev, Decision No. 02-090, Aug. 29, 2003, Kelly, SRO, last accessed Mar. 11, 2004]; *see generally People v Sanchez*, 98 NY2d 373, 401 n 13 [2002]). Because that final decision now controls (*see* 8 NYCRR 200.5 [*l*] [2]), we dismiss as moot that part of the instant appeal concerning the propriety of the temporary relief granted by the SRO and address only the jurisdictional issue raised by petitioner. Petitioner correctly contends that Education Law § 3602-c (2) provides that a Board of Education's failure or refusal to provide educational services is reviewable only by the Commissioner of Education. We conclude, however, that the circumstances here did not amount to a failure or refusal to provide educational services. Rather, because the parents in this case did not agree with the recommendation of petitioner's committee on special education that the child receive consultant teacher services at a public school instead of at his nonpublic school, the parents properly requested review by an impartial hearing officer pursuant to 8 NYCRR 200.5 and Education Law § 4404 (*see* Education Law § 3602-c [2]; *Appeals of Students with Disabilities*, 33 Ed Dept Rep 276, 279 [Decision No. 13,047]). Therefore, the impartial hearing officer and SRO had subject matter jurisdiction to consider the issues raised (*see* Education Law § 3602-c [2]; § 4404 [1], [2]; *see also* 8 NYCRR 200.5 [j] [1]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.